**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.W.-1, J.W.-2, J.W.-3, H.S., and E.S.**

**No. 22-0226** (Preston County 19-JA-88, 19-JA-89, 19-JA-90, 19-JA-91, and 20-JA-64)

**MEMORANDUM DECISION**

Petitioner Mother B.D.[1] appeals the Circuit Court of Preston County's February 25, 2022, order terminating her parental rights to J.W.-1, J.W.-2, J.W.-3, H.S., and E.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September of 2019, the DHHR filed a petition alleging that petitioner exposed the children to domestic violence, unsafe living conditions, inappropriate caregivers, and that petitioner failed to provide the children with necessary food, clothing, and stable housing. The DHHR alleged that J.S., H.S.'s father, lived in the home, abused controlled substances and alcohol, and perpetrated domestic violence against petitioner and the children, who were then ages one through nine.[3] The DHHR alleged that J.W.-4, the father of J.W.-1, J.W.-2, and J.W.-3, had abandoned those children. Petitioner stipulated to the allegations in the petition in February of 2020, and the circuit court adjudicated her as an abusing parent and the children as abused and neglected children. The circuit court granted petitioner a post-adjudicatory improvement period in June of 2020.

J.S. and petitioner continued having a relationship and, as a result, petitioner gave birth to E.S. in August of 2020. Immediately after E.S.'s birth, the DHHR amended the petition to include her as an infant respondent. Although petitioner informed the DHHR that she was no

---

[1]Petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Kristen D. Antolini appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]E.S. was not yet born in September of 2019.

1

longer romantically involved with J.S., the circuit court heard evidence at the December of 2020 adjudicatory hearing that J.S. accompanied petitioner to the hospital for the birth of E.S. and that the couple informed hospital staff that they were living at the same address. Petitioner and J.S. were also observed in the community together. Additionally, the court heard evidence that petitioner denied past domestic violence between herself and J.S. to her service providers. Petitioner testified and acknowledged a single incident of physical domestic violence between herself and J.S. as well as instances of emotional abuse. The court heard other evidence that petitioner had not been fully compliant with her random drug screening, which resulted in the suspension of her supervised visitation with the children. Petitioner testified that her noncompliance was due to her work schedule. The circuit court noted that petitioner's place of employment was "[three] minutes" from the drug screening location and adjudicated her as an abusing parent to E.S.

The circuit court held a series of dispositional hearings in March, April, May, and December of 2021. The court heard testimony from a parental fitness evaluator who evaluated petitioner in January of 2020. The evaluator testified that petitioner needed to address issues of codependency and acquire emotional support from individuals other than romantic partners. He recommended that petitioner participate in individualized therapy and family therapy with J.W.-1. The circuit court heard evidence from the children's therapist that the children experienced "mood issues" following visitation with petitioner and that the children had reported witnessing incidents of domestic violence in the home. The therapist further testified that J.W.-1 disclosed that J.S. perpetrated physical abuse against him. A DHHR worker testified that petitioner had not participated in random drug screening since January of 2021, despite losing visitation with the children for lack of compliance. The circuit court heard additional evidence that petitioner was unemployed but maintained a residence with a new significant other. The DHHR attempted to visit petitioner's home and determine its appropriateness for the children on two occasions but could not reach petitioner and could not gain access to the residence on either date. Finally, evidence was presented that petitioner participated in therapy, completed parenting and adult life skills classes, and had positive visitation with the children prior to November of 2020, at which point petitioner became inconsistent with random drug screening and her visitation was suspended.

Ultimately, the circuit court found that petitioner continued to deny domestic violence in her relationship with J.S. and minimized J.S.'s concerning behaviors. The court also found that petitioner failed to successfully complete her improvement period and demonstrated an inadequate capacity to solve the problems of abuse and neglect on her own or with help. Accordingly, the circuit court determined that there was no reasonable likelihood that petitioner could correct the conditions of neglect and abuse and that it was necessary for the children's welfare to terminate petitioner's parental and custodial rights to the children. The circuit court's February 25, 2022, order memorialized its decision to terminate petitioner's parental and custodial rights. Petitioner now appeals that order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating her parental and custodial rights rather than imposing a less restrictive dispositional

2

alternative. However, the circuit court found that petitioner continued to deny the domestic violence in her relationship with J.S. and his domestic violence against the children. This Court has held that a "[f]ailure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable[.]" *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). The court's finding, which is plausible in light of the record provided, supports the court's conclusion that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected as no improvement could be made.

Furthermore, the circuit court found that petitioner failed to complete her post-adjudicatory improvement period. Although petitioner completed many terms of her improvement period, she failed to fully participate in random drug screening, which prevented her from visiting with her children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). On appeal and below, petitioner argued that she did not have a substance abuse problem and that random drug screening was an unnecessary requirement of her improvement period. However, it appears from the record that petitioner agreed to random drug screening as a term of her improvement period and as a condition of supervised visitation. Moreover, petitioner did not move to strike this requirement from her improvement period throughout the proceedings. West Virginia Code § 49-4-610(4)(A) provides that "the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." Accordingly, we find no error in the circuit court's consideration of petitioner's lack of participation in this service.

Upon our review, there is no error in the circuit court's ultimate finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. *See id.* § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings); *see also id.* § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has not "responded to or followed through with a reasonable family case plan"). The circuit court's finding is fully supported by the evidence that petitioner failed to complete her improvement period and failed to acknowledge the conditions of abuse and neglect. Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights to the children without imposing a less-restrictive dispositional alternative. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn